In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Jeffrey A. KINGSLEY, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Jeffrey A. KINGSLEY, Respondent.

Supreme Court

*No. 2005AP1298–D.—Decided January 13, 2006.*

2006 WI 5

(Also reported in 708 N.W.2d 321.)

RESEARCH REFERENCES

91

¶ 1. PER CURIAM. We review the referee's report and recommendation that the license of Attorney Jeffrey A. Kingsley to practice law in the state of Wisconsin be suspended for 60 days, that Attorney Kingsley be ordered to pay restitution in the amount of $2000, and that he be ordered to pay the costs of this disciplinary proceeding. Having conducted our independent review of the matter, we adopt the referee's findings of fact and conclusions of law. Based on those conclusions, we believe that a 60–day suspension is appropriate discipline, and agree to the imposition of restitution and costs.

¶ 2. On May 18, 2005, the Office of Lawyer Regulation (OLR) filed a complaint against Attorney Kingsley regarding his representation of client D.H. The complaint alleged six violations of Wisconsin Supreme Court Rules of Professional Conduct. Count 1 alleged that by failing to prepare and file two lawsuits as promised, Attorney Kingsley failed to act with reasonable diligence and promptness in representing a client, in violation of SCR 20:1.3.[1] Count 2 alleged that by failing to respond to the client's telephone calls and correspondence, Attorney Kingsley failed to keep the client reasonably informed as to the status of the matter and to comply promptly with reasonable requests for information, contrary to SCR 20:1.4(a).[2] Count 3 alleged that by failing to hold the client's retainer in a client trust account, separate from his own property, Attorney Kingsley violated former SCR 20:1.15(a).[3] Count 4 alleged that by failing to return the unearned portion of the client's retainer upon termination of the representation, Attorney Kingsley violated SCR 20:1.16(d).[4] Count 5 alleged that by failing to respond to multiple investigative letters from the OLR

---

[1] SCR 20:1.3 provides that "[a] lawyer shall act with reasonable diligence and promptness in representing a client."

[2] SCR 20:1.4(a) provides that "[a] lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information."

[3] Former SCR 20:1.15 applies to misconduct committed prior to July 1, 2004. Former SCR 20:1.15(a) provides in relevant part that "[a] lawyer shall hold in trust, separate from the lawyer's own property, that property of clients and third persons that is in the lawyer's possession in connection with a representation or when acting in a fiduciary capacity."

[4] SCR 20:1.16(d) provides: Declining or terminating representation.

and to provide a written response to the client's grievance, Attorney Kingsley willfully failed to cooperate with the investigation of a grievance, in violation of SCR 21.15(4),[5] SCR 22.03(2) and (6),[6] thereby also violating a supreme court rule governing the conduct of

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

[5] SCR 21.15(4) provides that "[e]very attorney shall cooperate with the office of lawyer regulation in the investigation, prosecution and disposition of grievances, complaints filed with or by the director, and petitions for reinstatement. An attorney's wilful failure to cooperate with the office of lawyer regulation constitutes violation of the rules of professional conduct for attorneys."

[6] SCR 22.03 provides in relevant part: Investigation.

(2) Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

. . . .

(6) In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance.

lawyers, contrary to SCR 20:8.4(f).[7] Finally, Count 6 alleged that by failing to notify the client of the temporary suspension of his law license and by failing to advise the client to seek other counsel, Attorney Kingsley failed to comply with the requirements of SCR 22.26(1)(a) and (b),[8] thereby also violating SCR 20:8.4(f).

¶ 3. Ultimately, Attorney Kingsley entered into a stipulation and plea agreement whereby he pled no contest to each of the counts in the OLR's complaint. Attorney Kingsley stipulated that the allegations of the complaint could be used by the referee appointed in this case, Konrad T. Tuchscherer, as an adequate factual basis for concluding as a matter of law that Attorney Kingsley had engaged in misconduct as set forth in each of the six counts of the OLR's complaint. The parties further jointly requested that the referee recommend the imposition of a 60–day suspension of Attorney Kingsley's law license, restitution in the amount of $2000 to the Wisconsin Fund for Client Protection (the

---

[7] SCR 20:8.4(f) provides that it is professional misconduct for a lawyer to "violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers."

[8] SCR 22.26(1) provides: Activities following suspension or revocation.

> (1) On or before the effective date of license suspension or revocation, an attorney whose license is suspended or revoked shall do all of the following:
>
> (a) Notify by certified mail all clients being represented in pending matters of the suspension or revocation and of the attorney's consequent inability to act as an attorney following the effective date of the suspension or revocation.
>
> (b) Advise the clients to seek legal advice of their choice elsewhere.

Fund) and an order that Attorney Kingsley be responsible for paying the costs of the present proceeding, which were $486.10 as of August 25, 2005.

¶ 4. Pursuant to the parties' stipulation and Attorney Kingsley's no contest plea, the referee found that the factual allegations of the complaint had been proven and concluded as a matter of law that Attorney Kingsley had violated the supreme court rules as set forth in the complaint. The referee also adopted the parties' recommendation as to the appropriate discipline. Neither party has filed an appeal from the referee's report and recommendation. Consequently, the matter is submitted to the court for its review pursuant to SCR 22.17(2).[9]

¶ 5. In reviewing a referee's report and recommendation, we affirm the referee's findings of fact unless they are clearly erroneous. *See In re Disciplinary Proceedings Against Sosnay,* 209 Wis. 2d 241, 243, 562 N.W.2d 137 (1997). The referee's conclusions of law, however, we review on a de novo basis. *See In re Disciplinary Proceedings Against Carroll,* 2001 WI 130, ¶ 29, 248 Wis. 2d 662, 636 N.W.2d 718.

¶ 6. Attorney Kingsley was admitted to the practice of law in Wisconsin on July 20, 1993. He has been the subject of two recent disciplinary proceedings. On March 23, 2004, Attorney Kingsley's license was temporarily suspended due to his failure to cooperate with

---

[9] SCR 22.17(2) provides: Review; appeal.

(2) If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter.

the OLR's grievance investigation in the present case. His license was also administratively suspended on June 7, 2004, for failing to comply with his reporting requirements for continuing legal education. Attorney Kingsley's license remains suspended.

¶ 7. According to the stipulated facts found by the referee, in January 2003 Attorney Kingsley's law firm was retained by D.H. regarding potential lawsuits against Kenosha County and several City of Kenosha police officers. The firm provided D.H. with the number of a bank account, into which D.H. deposited a $3000 retainer. The account, however, was not a client trust account, and D.H.'s retainer was never transferred to such a trust account.

¶ 8. On February 6, 2003, Attorney Kingsley filed a notice of claim on behalf of D.H. with the Kenosha County Clerk's Office. Attorney Kingsley also gave notice of D.H.'s potential claim to the Kenosha City Clerk.

¶ 9. D.H. subsequently requested and obtained a return of $1000 of her retainer. The remaining $2000 retainer balance continued to remain in the firm's business account.

¶ 10. On April 8, 2003, Attorney Kingsley met with D.H. Attorney Kingsley falsely indicated to her that he had already filed the federal lawsuit against Kenosha County, but had not yet filed suit against the individual police officers. Attorney Kingsley told D.H. that he would file the second lawsuit within one week after his receipt of the names and addresses of the police officers. D.H. immediately provided Attorney Kingsley with that information. At that same meeting, D.H. executed a written fee agreement with Attorney

Kingsley's firm providing that Attorney Kingsley would receive $150 per hour for the legal services that he rendered.

¶ 11. Over the course of the next several months, D.H. left various messages at Attorney Kingsley's office regarding the status of her lawsuits, but Attorney Kingsley never responded. At one point, another attorney at the firm spoke with D.H. and informed her that Attorney Kingsley had "dropped the ball on all his clients" and left the state. The attorney attempted to check into the matter and subsequently informed D.H. that the complaints for her lawsuits had been prepared, but had not been filed.

¶ 12. Subsequently, on July 25, 2003, D.H. contacted the OLR concerning her situation. D.H. continued to leave numerous messages on Attorney Kingsley's answering machine inquiring as to the status of her cases, but Attorney Kingsley failed to return any of her calls.

¶ 13. Finally, on August 22, 2003, Attorney Kingsley informed D.H. that he would file the complaints the following Monday. The OLR attempted to contact Attorney Kingsley three times over the course of the next week to inquire whether Attorney Kingsley had in fact filed D.H.'s complaints. On September 4, 2003, Attorney Kingsley told the OLR's intake staff that he could not file the lawsuits against the individual police officers because they were without merit. That same day, the OLR sent a letter to Attorney Kingsley requesting that he respond to D.H.'s grievance within the next two weeks. Attorney Kingsley failed to respond.

¶ 14. On September 9, 2003, D.H. wrote to Attorney Kingsley inquiring whether he would continue with her cases and requesting that he file the lawsuits by September 26, 2004. If Attorney Kingsley did not wish

to proceed with the lawsuits, D.H. requested that he return her remaining $2000 retainer. Attorney Kingsley again failed to respond.

¶ 15. OLR staff wrote letters to Attorney Kingsley on October 21, November 20 and December 28, 2003, requesting that Attorney Kingsley submit a written response to D.H.'s grievance. Attorney Kingsley failed to respond to each of the letters.

¶ 16. On January 10, 2004, D.H. wrote to the OLR indicating that she had been forced to let her claims lapse because Attorney Kingsley had failed to file her complaints or return her $2000 retainer so she could retain other counsel. D.H. continued her attempts to contact Attorney Kingsley, but he did not respond to her calls. Ultimately, D.H. submitted a claim to the Fund, which approved a payment of $2000 to reimburse D.H. for the money she had lost due to Attorney Kingsley's failure to return her retainer. Attorney Kingsley was notified of this payment.

¶ 17. Because of Attorney Kingsley's ongoing failure to respond or cooperate with the OLR's investigation of D.H.'s grievance, this court temporarily suspended Attorney Kingsley's license to practice law in an order dated March 23, 2004. On March 25, 2004, the OLR sent notice to Attorney Kingsley of his responsibilities relating to the suspension of his practice pursuant to SCR 22.26. Those responsibilities include sending a notice by certified mail to each client in a pending matter informing the client that the attorney's license has been suspended and that the attorney will be unable to continue with the representation. Attorney Kingsley failed to provide such notice to D.H. and to advise her that she needed to seek legal representation with another lawyer.

¶ 18. As noted above, Attorney Kingsley ultimately did communicate with the OLR and entered into a stipulation admitting misconduct as alleged in the six counts of the OLR's complaint. Consequently, there was a sufficient basis for the factual findings of the referee, which we adopt. Moreover, the factual allegations of the complaint, as found by the referee, adequately support the referee's conclusions of law that Attorney Kingsley's conduct in the representation of D.H. and in response to the OLR's investigation of D.H.'s grievance violated SCR 20:1.3, SCR 20:1.4(a), former SCR 20:1.15(a), SCR 20:1.16(d), SCR 21.15(4), SCR 22.03(2) and (6), SCR 22.26(1)(a) and (b), and SCR 20:8.4(f).

¶ 19. With respect to the level of discipline, we believe that a 60–day suspension is warranted. Although Attorney Kingsley has not been the subject of disciplinary proceedings prior to the present case, his abandonment of D.H. caused substantial prejudice to her and constituted serious misconduct. Moreover, his failure to comply with his obligations after the temporary suspension of his license to practice law indicates a disregard for the profession's regulations.

¶ 20. IT IS ORDERED that the license of Attorney Jeffrey A. Kingsley to practice law in Wisconsin is suspended for a period of 60 days, effective as of the date of this order.

¶ 21. IT IS FURTHER ORDERED that within 30 days of the date of this order, Attorney Kingsley shall pay restitution to the Wisconsin Fund for Client Protection in the amount of $2000, plus interest at the legal rate of five percent (5%) per annum for the period from the date of the Fund's payment to D.H. until the date of Attorney Kingsley's payment to the Fund.

¶ 22. IT IS FURTHER ORDERED that within 60 days of the date of this order, Attorney Kingsley shall pay to the Office of Lawyer Regulation the costs of this proceeding. If the costs are not paid within the time specified and absent a showing to this court of his inability to pay those costs within that time, the license of Attorney Kingsley to practice law in Wisconsin shall remain suspended until further order of the court.

¶ 23. IT IS FURTHER ORDERED that if he has not already done so, Attorney Kingsley shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.