# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2017AP1899-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Brandon Buchanan, Attorney at Law: |
| | Office of Lawyer Regulation, |
| |         Complainant, |
| |     v. |
| | Brandon Buchanan, |
| |         Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST BUCHANAN

| | |
|---|---|
| OPINION FILED: | April 19, 2018 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|    COURT: | |
|    COUNTY: | |
|    JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
|    CONCURRED: | |
|    DISSENTED: | |
|    NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

**2018 WI 41**

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2017AP1899-D

STATE OF WISCONSIN        :        IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Brandon Buchanan, Attorney at Law:**

**Office of Lawyer Regulation,**

      **Complainant,**

      **v.**

**Brandon Buchanan,**

      **Respondent.**

**FILED**

**APR 19, 2018**

Sheila T. Reiff
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1 PER CURIAM. We review Referee Allan E. Beatty's recommendation that the court declare Attorney Brandon Buchanan in default and suspend his Wisconsin law license for a period of 60 days for professional misconduct in connection with his work on one client matter and his non-cooperation with the Office of Lawyer Regulation's (OLR) investigation into that misconduct. The referee also recommended that Attorney Buchanan be required to make restitution to a former client in the amount of $335,

and to pay the full costs of this proceeding, which total $410.44 as of February 12, 2018.

¶2 Because no appeal has been filed, we review the referee's report pursuant to Supreme Court Rule (SCR) 22.17(2). After conducting our independent review of the matter, we agree with the referee that, based on Attorney Buchanan's failure to answer the complaint filed by the OLR, the OLR is entitled to a default judgment. We also agree with the referee that Attorney Buchanan's professional misconduct warrants a 60-day suspension of his Wisconsin law license. Finally, we agree with the referee that Attorney Buchanan should be ordered to pay the full costs of the proceeding, as well as $335 in restitution.

¶3 Attorney Buchanan was admitted to practice law in Wisconsin in 2014. His law license is currently subject to administrative and temporary suspensions. It is administratively suspended due to his failure to pay mandatory bar dues, failure to file a trust account certification, and failure to comply with continuing legal education requirements. It is temporarily suspended due to his failure to cooperate in the OLR's investigation of this matter.

¶4 On September 28, 2017, the OLR filed the current complaint against Attorney Buchanan. The complaint alleges five counts of professional wrongdoing. The following facts are taken from the OLR's complaint.

¶5 In 2014, S.L.L. filed for divorce from her husband. In September 2015, Attorney Daniel R. Freund referred S.L.L. to Attorney Buchanan to represent her and her husband, K.C.L., in a

Chapter 7 bankruptcy action. In November 2015, the L.s hired Attorney Buchanan and paid him a $1,835 advanced fee, which included funds to pay the $335 bankruptcy filing fee. Consistent with a request by S.L.L., Attorney Freund asked Attorney Buchanan to keep him informed about the bankruptcy proceedings in light of the ongoing divorce action.

¶6 Attorney Buchanan did not deposit the L.s' payment into a trust account; indeed, he did not have a client trust account. The retainer agreement between the L.s and Attorney Buchanan stated that he would deposit the fee into his general account.

¶7 Attorney Buchanan failed to keep in regular contact with the L.s. He did not respond to the L.s' requests for information for a number of months after his retention. In late February 2016, Attorney Buchanan communicated with the L.s, but his responsiveness was short-lived. In May 2016, he again stopped responding to the L.s' requests for information, which included e-mails and telephone calls.

¶8 Attorney Buchanan performed some legal work in the matter, but never filed a Chapter 7 bankruptcy petition for the L.s.

¶9 In June 2016, the L.s fired Attorney Buchanan and instructed him to deliver their file to Attorney Freund. Attorney Buchanan did not deliver the L.s' file to Attorney Freund, or refund any unearned portion of their advanced fee, or provide them with an accounting.

3

¶10 Both Attorney Freund and S.L.L. filed grievances with the OLR against Attorney Buchanan. The OLR wrote to Attorney Buchanan informing him of the grievances and requesting a response. Attorney Buchanan never responded. In January 2017, the OLR personally served Attorney Buchanan at his home address with correspondence from the OLR asking him to respond to Attorney Freund's and S.L.L.'s grievances. Attorney Buchanan did not respond.

¶11 In February 2017, based on an OLR motion, this court ordered Attorney Buchanan to show cause why his license should not be suspended for failure to cooperate with the OLR's investigation. Attorney Buchanan did not respond. On April 10, 2017, this court temporarily suspended Attorney Buchanan's license.

¶12 The OLR's complaint alleged the following counts of misconduct with respect to Attorney Buchanan's representation of the L.s.

> **Count One:** By depositing the L.s' advanced fee into his general account and not holding it in trust, without providing any information regarding fee arbitration, the Wisconsin Lawyers' Fund for Client Protection, the L.s' ability to request a refund of any unearned fees, or an accounting, Attorney Buchanan violated former SCR 20:1.15(b)(4).[1]

---

[1] Effective July 1, 2016, substantial changes were made to Supreme Court Rule 20:1.15, the "trust account rule." See S. Ct. Order 14-07, (issued Apr. 4, 2016, eff. July 1, 2016). Because the conduct underlying this case arose prior to July 1, 2016, unless otherwise indicated, all references to the supreme court rules will be to those in effect prior to July 1, 2016.

(continued)

4

**Count Two:** By failing to keep the L.s reasonably informed regarding the status of the Chapter 7 bankruptcy matter, and by failing to respond to the L.s' requests for information, Attorney Buchanan violated SCR 20:1.4(a)(3) and (4).[2]

**Count Three:** By failing to file a Chapter 7 bankruptcy petition on behalf of the L.s, Attorney Buchanan violated SCR 20:1.3.[3]

**Count Four:** By failing to refund any portion of the advanced fee and by failing to deliver the L.s' file to Attorney Freund, Attorney Buchanan violated SCR 20:1.16(d).[4]

---

Former SCR 20:1.15(b)(4) provided:

Except as provided in par. (4m) unearned fees and advanced payments of fees shall be held in trust until earned by the lawyer, and withdrawn pursuant to sub. (g). Funds advanced by a client or 3rd party for payment of costs shall be held in trust until the costs are incurred.

[2] SCR 20:1.4(a) provides: "a lawyer shall:

. . .

(3) keep the client reasonably informed about the status of the matter;

(4) promptly comply with reasonable requests by the client for information."

[3] SCR 20:1.3 provides: "A lawyer shall act with reasonable diligence and promptness in representing a client."

[4] SCR 20:1.16(d) provides:

Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers

(continued)

5

**Count Five:** By willfully failing to provide the OLR with a written response to the OLR's investigation, Attorney Buchanan violated SCR 22.03(2)[5] and SCR 22.03(6),[6] enforced via SCR 20:8.4(h).[7]

¶13 On November 9, 2017, the OLR filed a motion for default judgment asking the referee to determine that the OLR had properly served Attorney Buchanan with its complaint by personal service, and that Attorney Buchanan had defaulted by failing to timely file an answer to the complaint. The motion

---

relating to the client to the extent permitted by other law.

[5] SCR 22.03(2) provides:

Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

[6] SCR 22.03(6) provides: "In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance."

[7] SCR 20:8.4(h) provides: "It is professional misconduct for a lawyer to fail to cooperate in the investigation of a grievance filed with the office of lawyer regulation as required by SCR 21.15(4), SCR 22.001(9)(b), SCR 22.03(2), SCR 22.03(6), or SCR 22.04(1)."

sought an order for default judgment and the issuance of a report making findings of fact and conclusions of law consistent with the allegations in the complaint.

¶14 The referee issued an order advising the parties that the OLR's default judgment motion would be considered at an upcoming scheduling conference. Attorney Buchanan did not participate in the scheduling conference.

¶15 The referee filed his report on January 24, 2018, recommending that this court grant the OLR's motion for default judgment. The referee deemed the allegations of the OLR's complaint established. The referee recommended that this court suspend Attorney Buchanan's Wisconsin law license for 60 days; order him to pay the full costs of this proceeding; and order him to pay $335 in restitution to the L.s.

¶16 Attorney Buchanan has not filed an appeal from the referee's report and recommendation. Accordingly, our review proceeds pursuant to SCR 22.17(2).

¶17 A referee's findings of fact are affirmed unless clearly erroneous. Conclusions of law are reviewed de novo. See In re Disciplinary Proceedings Against Eisenberg, 2004 WI 14, ¶5, 269 Wis. 2d 43, 675 N.W.2d 747. The court may impose whatever sanction it sees fit, regardless of the referee's recommendation. See In re Disciplinary Proceedings Against Widule, 2003 WI 34, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶18 We agree with the referee that Attorney Buchanan should be declared in default. Although the OLR effected personal service of its complaint, and although Attorney

Buchanan was given notice of the hearing on the OLR's motion for default judgment, he failed to appear or present a defense. He has, therefore, defaulted. We also accept the referee's findings of fact based on the allegations of the complaint, and agree with the referee that those findings support a determination of misconduct on the five counts alleged in the OLR's complaint.

¶19 We further agree that a 60-day suspension of Attorney Buchanan's license to practice law in Wisconsin is an appropriate sanction for his misconduct. Although no two disciplinary matters are precisely the same, a 60-day suspension is generally consistent with the sanction imposed in somewhat similar cases. See, e.g., In re Disciplinary Proceedings Against Kingsley, 2006 WI 5, 287 Wis. 2d 91, 708 N.W.2d 321 (60-day suspension for six counts of misconduct, including failing to hold client's retainer in client trust account, failing to file two lawsuits on client's behalf, and failing to respond to multiple investigative letters from OLR); see also In re Disciplinary Proceedings Against Collins, 2004 WI 9, 268 Wis. 2d 441, 674 N.W.2d 566 (60-day suspension for eight counts of misconduct, consisting of two counts of neglect, two trust account violations, two instances of failing to cooperate with OLR investigations, one count of disobeying a court order, and one count of failing to keep a client reasonably informed).

¶20 As is our usual practice, we deem it appropriate to order Attorney Buchanan to pay the full costs of the proceeding. See SCR 22.24(1m).

¶21 As to the issue of restitution, the referee recommended, consistent with the OLR's request in its complaint, that this court order Attorney Buchanan to pay $335 in restitution to the L.s. This amount represents the portion of the funds that Attorney Buchanan received from the L.s——the $335 designated for filing fees——that he clearly neither earned nor expended for its designated purpose. We agree with this recommendation.

¶22 IT IS ORDERED that the license of Brandon Buchanan to practice law in Wisconsin is suspended for a period of 60 days, effective the date of this order.

¶23 IT IS FURTHER ORDERED that within 60 days of the date of this order, Brandon Buchanan shall pay to the Office of Lawyer Regulation the costs of this proceeding, which are $410.44.

¶24 IT IS FURTHER ORDERED that within 60 days of the date of this order, Brandon Buchanan shall make restitution in the amount of $335 to S.L.L. and K.C.L.

¶25 IT IS FURTHER ORDERED that the restitution specified above is to be completed prior to paying costs to the Office of Lawyer Regulation.

¶26 IT IS FURTHER ORDERED that Brandon Buchanan shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

9

¶27 IT IS FURTHER ORDERED that compliance with all conditions of this order is required for reinstatement. See SCR 22.28(2).

¶28 IT IS FURTHER ORDERED that the April 10, 2017 temporary suspension of Brandon Buchanan's license to practice law in Wisconsin, due to his willful failure to cooperate with the OLR's grievance investigation in this matter, is lifted.

¶29 IT IS FURTHER ORDERED that the administrative suspension of Brandon Buchanan's license to practice law in Wisconsin, due to his failure to pay mandatory bar dues, failure to file a trust account certification, and failure to comply with continuing legal education requirements, will remain in effect until each reason for the administrative suspension has been rectified, pursuant to SCR 22.28(1).